**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**THE MARSHALL PROJECT,**
156 West 56th Street, 3rd Floor,
New York, NY 10019

**Plaintiff,**

v.

**IMMIGRATION AND CUSTOMS ENFORCEMENT,**
Office of the Principal Legal Advisor
500 12th Street, SW, Mailstop 5900
Washington, DC 20536

**CUSTOMS AND BORDER PROTECTION,**
1300 Pennsylvania Ave., NW,
Washington, DC 20229

**U.S. DEPARTMENT OF HOMELAND SECURITY,**
Office of the General Counsel MS0485
2707 Martin Luther King Jr. Ave SE
Washington, D.C. 20528,

**Defendants.**

## COMPLAINT

1. Plaintiff THE MARSHALL PROJECT brings this suit to force Defendants IMMIGRATION AND CUSTOMS ENFORCEMENT, CUSTOMS AND BORDER PROTECTION, and U.S. DEPARTMENT OF HOMELAND SECURITY to conduct a reasonable search, issue a determination, and produce records showing the identities and current detention locations of individuals currently detained by Defendants.

## PARTIES

2. Plaintiff THE MARSHALL PROJECT is a nonpartisan, nonprofit news organization that seeks to create and sustain a sense of national urgency about the U.S. criminal justice system. THE MARSHALL PROJECT is the FOIA requester in this case.

3. Defendant IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant CUSTOMS AND BORDER PROTECTION ("CBP") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

5. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. DHS is the parent agency of ICE and CBP.

## JURISDICTION AND VENUE

6. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## APRIL 3, 2026 FOIA REQUEST TO ICE

8. On April 3, 2026, Plaintiff submitted the following FOIA request to ICE for the following records:

> This is a request under the federal Freedom of Information Act for the following public information held by your agency:
>
> - Copies of the names, dates of birth, and current detention locations for all entries in the Enforcement Integrated Database.

9. A true and correct copy of the FOIA request is attached as Exhibit 1.

10. Plaintiff also sought expedited processing of the request and ICE did not respond to that piece. *Id.*

11. As noted in the SecureRelease Portal, the request was assigned reference number 2026-ICFO-22751 and placed on the "simple" processing track. *Id*.

12. On June 23, 2026, ICE denied the request in full pursuant to FOIA exemptions 6 and 7(C) claiming the "privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information."

13. A true and correct copy of the denial letter is attached as Exhibit 2.

14. On July 31, 2026, Plaintiff administratively appealed the denial arguing ICE should release the requested information because the public has a substantial interest in knowing who the government is detaining and where those individuals are being held. Plaintiff also argued that similar information is routinely released by state and local law enforcement agencies, and that the asserted public interest outweighs any individual privacy interests.

15. A true and correct copy of the administrative appeal is attached as Exhibit 3.

16. On August 5, 2026, ICE acknowledged receipt of the administrative appeal.

17. A true and correct copy of the acknowledgement letter is attached as Exhibit 4.

18. On August 28, 2026, ICE affirmed the FOIA Office's determination stating the privacy interest is strong because the disclosure of names, dates of birth, and current detention locations "would reveal each identified individual's custodial status and location in connection with ICE enforcement activity" as well as "increase the risk of misuse, unwanted contact, harassment, stigma, or other privacy harms." ICE further upholds the privacy interests outweigh the public interest because the request does not seek "non-information that could inform the public about ICE operations without identifying individual persons" nor does the appeal identify improprieties "that would be advanced by disclosure of the requested personally identifying information."

19. A true and correct copy of the appeal denial letter is attached as Exhibit 5.

20. ICE did not send any further correspondence to Plaintiff regarding this request.

21. As of the date of this filing, ICE has failed to make any responsive records promptly available to Plaintiff.

**APRIL 3, 2026 FOIA REQUEST TO CBP**

22. On April 3, 2026, Plaintiff submitted the following FOIA request to CBP for the following records:

> This is a request under the federal Freedom of Information Act for the following public information held by your agency:
>
> – Copies of the names, dates of birth, and current detention locations for all entries in the Enforcement Integrated Database.

23. A true and correct copy of the FOIA request is attached as Exhibit 6.

24. Plaintiff also sought expedited processing of the request and CBP did not respond to that piece. *Id.*

25. As noted in the SecureRelease Portal, the request was assigned reference number CBP-FO-2026-083562 and placed on the "simple" processing track. *Id.*

26. On May 2, 2026, CBP closed the request as "insufficient" stating it was reviewed as a third-party request and did not include authorization that information on the individual, or business, could be released to the Plaintiff.

27. A true and correct copy of the response letter is attached as Exhibit 7.

28. On July 31, 2026, Plaintiff administratively appealed CBP's response arguing its assumption that the requested material is personal or private information needing release authorization from every individual is not correct because the information requested is vital to the public and prevents secrete government detention. Plaintiff also raised that requiring them to obtain separate authorization from every individual currently in the EID is an impossible standard.

29. A true and correct copy of the administrative appeal is attached as Exhibit 8.

30. CBP did not send any further correspondence to Plaintiff regarding this request.

31. CBP did not send any correspondence to Plaintiff regarding the administrative appeal.

32. As of the date of this filing, CBP has not issued a determination on Plaintiff's administrative appeal.

33. As of the date of this filing, CBP has failed to make any responsive records promptly available to Plaintiff.

## COUNT I – ICE'S FOIA VIOLATION

34. Paragraphs 1-33 are incorporated by reference.

35. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

36. Defendant ICE is a federal agency subject to FOIA.

37. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

38. Defendant ICE has failed to conduct a reasonable search for records responsive to the request.

39. Defendant ICE has failed to produce all non-exempt records responsive to the request.

## COUNT II – CBP'S FOIA VIOLATION

40. Paragraphs 1-33 are incorporated by reference.

41. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

42. Defendant CBP is a federal agency subject to FOIA.

43. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

44. Defendant CBP has failed to conduct a reasonable search for records responsive to the request.

45. Defendant CBP has failed to issue a determination within the statutory deadline.

46. Defendant CBP has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiff attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: October 20, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
THE MARSHALL PROJECT

Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY

222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com