**Exhibit 1**

SecureRelease™ Portal

Request Number: 2026-ICFO-22751

**Details of Request**

(Read only details of request)

CANCEL

**Request Description:** Dear FOIA Officer: This is a request under the federal Freedom of Information Act for the following public information held by your agency: –Copies of the names, dates of birth, and current detention locations for all entries in the Enforcement Integrated Database. I request expedited processing of this request. I'm a representative of the news media and a person primarily engaged in disseminating information. I'm a journalist with The Marshall Project, a nonprofit media organization, and this information will be used solely for public information and news dissemination purposes, not commercial ones. This request relates to an urgent need to inform the public concerning actual or alleged federal government activity and disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the

**Fee Waiver Requested? :** Pending Decision

**Reason for Fee Waiver:** I'm a representative of the news media and a person primarily engaged in disseminating information. I'm a journalist with The Marshall Project, a nonprofi media organization, and this information will be used solely for public informatior and news dissemination purposes, not commercial ones. This request relates tc an urgent need to inform th public concerning actual or alleged federal government activity and disclosure is in the public interest because is likely to contribute significantly to public understanding of the operations or activities of th government. The ability to detain and confine individuals in a free society one of the most important powers exercised by the government. It is vital that members of the public knov who their government is

government. The ability to detain and confine individuals in a free society is one of the most important powers exercised by the government. It is vital that members of the public know who their government is detaining and where those individuals are being held. The need for this information to be made public is especially urgent in light of the agency's increased immigration enforcement operations across the country, including Operation Metro Surge in Minnesota. The agency's recent operations have generated intense public interest and scrutiny. For those reasons, expedited release of the names, dates of birth and locations of people in the EID deals with a matter of current urgency for the American public. Please provide the information responsive to this request in an electronic, machine-readable format such as .xls or .csv. Thank you for your cooperation. Dave Mann Senior editor The Marshall Project dmann@themarshallproject.org

**Agency:** Department of Homeland Security

**Component:** U.S. Immigration & Customs Enforcement

detaining and where those individuals are being held.

**Expedited Processing?:** Pending Decision

**Reason for Expedited Processing:** I request expedited processing of this request. I'm a representative of the news media and a person primarily engaged in disseminating information. I'm a journalist with The Marshall Project, a nonprofi media organization, and this information will be used solely for public information and news dissemination purposes, not commercial ones. This request relates to an urgent need to inform the public concerning actual or alleged federal government activity and disclosure is in the public interest because is likely to contribute significantly to public understanding of the operations or activities of th government. The ability to detain and confine individuals in a free society one of the most important powers exercised by the government. It is vital that members of the public know who their government is detaining and where those individuals are being held. The need for this informatio to be made public is especially urgent in light of the agency's increased

**Processing Track:** Simple

**Request Type:** FOIA Request

**Submitted Date:** 04/03/2026

**Request Status:** Initial Determination

**Identity Verification Status:** Not Requested by Agency

immigration enforcement operations across the country, including Operation Metro Surge in Minnesota. The agency's recent operations have generated intense public interest and scrutiny. For those reasons, expedited release of the names, dates of birth and locations of people in the EI deals with a matter of current urgency for the American public.

## Additional Information

(Additional details or clarifications of request.)

**Request Designation:** Other (I am not requesting records about a person)

### Files uploaded by user

Files not exceeding 20 MB in size, can be attachec

Search

| File Name | Attachment Type |
|---|---|
| No attachments to display | |

5 rows 0-0 of 0

**Exhibit 2**

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., NW
Washington, D.C. 20536

U.S. Immigration and Customs Enforcement

June 23, 2026

Dave Mann
The Marshall Project

RE: ICE FOIA Request 2026-ICFO-22751

Dear Requester:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated 4/3/2026, in which you requested: records pertaining to the names, dates of birth, and current detention locations for all entries in the Enforcement Integrated Database. Our office received your request on 4/3/2026.

After careful review of your request, ICE has determined that, to the extent responsive records exist, they would be categorically exempt from disclosure under the FOIA. Accordingly, ICE is withholding all records that would be responsive to your request in full pursuant to Exemptions of the FOIA as described below.

FOIA Exemption 6 exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have

requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

You have the right to appeal this withholding determination. To do so, you must submit your appeal, along with a copy of this letter, within 90 calendar days of the date of this letter, consistent with the procedures in the DHS FOIA regulations at 6 C.F.R. Part 5, § 5.8. You may submit your appeal through the SecureRelease Portal (preferred) or by mail to:

Government Information Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Mail Stop 5900
Washington, D.C. 20536-5900

Your envelope and letter should be clearly marked: "FOIA Appeal." Copies of the FOIA statute and the DHS FOIA regulations are publicly available for your reference at www.dhs.gov/foia.

If you have any questions about this response, you may contact the ICE FOIA Public Liaison at ICEFOIAPublicLiaison@ice.dhs.gov or (866) 633 1182.

Sincerely,



Megan Davis,
Deputy FOIA Officer, Operations
Freedom of Information Act (FOIA) Office
Office of Information Governance and Privacy
U.S. Immigration and Customs Enforcement (ICE)
ICE-FOIA@ice.dhs.gov | www.ice.gov/foia

**Exhibit 3**

SecureRelease™ Portal

Request Number: 2026-ICFO-22751

**Details of Linked Appeal(s)**

(Read only details of appeal(s) linked to the request

Search

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| 2026-ICAP-00613 | 07/31/2026 | Initial Determination | This letter is an appeal of ICE's response to my FOIA request (2026-ICFO-22751). On April 3rd, 2026, I submitted a FOIA request to ICE for "[c]opies of the names, dates of birth, and current detention locations for all entries in the Enforcement Integrated Database." The agency responded on Jun 23rd, 2026, informing me that it was denying my request because the agency determined that "to the extent responsive | - |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | records exist, they would be categorically exempt from disclosure." Withholding this information from the public amounts to an argument for secret government detention, which is a hallmark of repressive, authoritarian governments. For that reason, law enforcement in the United States makes basic details about detentions available to the public. I implore ICE to reconsider my FOIA request, grant this appeal and release this vital public information. I acknowledge the importance of privacy protections in FOIA, especially | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | related to the large amount of personal information held by the federal government. The agency cites Exemption 6 in its denial letter. This exemption relates to information in "personnel and medical files and similar files," when the disclosure would constitute a "clearly unwarranted invasion of personal privacy." The information sought in my FOIA request doe not meet either standard. It is not personnel, medical or similar information, and its disclosure would not constitute an unwarranted | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | invasion of privacy. The requested information — name, DoB and detention location in EID — doesn't meaningfully violate individual privacy. Names and ages are basic information that is widely available for the majority of people in the country. And there is little privacy protection related to where an individual is currently detained. However, even if the agency believes that disclosure infringes on individual privacy, those concerns are outweighed by the public's substantial interest in disclosure of | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | this material. Here, the agency cites Exemption 7(c) relating to law enforcement information that would constitute an unwarranted invasion of privacy. Although the requested information relates to law enforcement, its release does not meet the second test in that it would not be reasonably expected to constitute an unwarranted invasion of personal privacy. Revealing the names and ages of people detained would not be an "unwarranted invasion of personal privacy." The requested information is very similar to | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | the type of information that local law enforcement routinely makes public in criminal cases. In nearly all jurisdictions, the very basic details of an arrest, including a person's name and date of birth, are made public. In fact, the details that law enforcement immediately releases following an arrest often include additional information — such as address, date, time and location of the alleged incident and case number — that are far more personally invasive than the information that I'm requesting. In addition, an individual's | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | detention status and location is also routinely made public in criminal cases. Most jails in the United States now post jail rosters online. A simple internet search typically reveals the names, ages, booking dates, booking numbers and days in custody of people in county jails on criminal cases. In fact, revealing that someone was arrested and detained on criminal charges holds far more risk of public embarrassment and invasion of privacy than revealing their detention in an immigration case. Publicly revealing that someone is being held on charges of, for | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | example, homicide or theft or public indecency or assault carries significant risk of embarrassment and violating someone's privacy. And yet that information is presumed public and routinely released by local law enforcement. The reason these embarrassing details are made public is to prevent secret government detention. Secret detention is a tool of authoritarian governments and a severe threat to democracy and individual liberty. This threat has been recognized since the | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | country's founding. In the United States, we long ago determined that public disclosure of the basic details of criminal arrests — to avoid secret government detentions — outweighs the risks to personal privacy. The same principle holds for immigration cases. In fact, the details of criminal cases are generally perceived as more serious than immigration cases. The government itself has acknowledged this reality by prioritizing deportation of people who have committed violent crimes. The public | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | generally perceives criminal allegations — especially violent criminal activity — as more serious than civil immigration violations. If local law enforcement makes public the names, dates of birth, and current detention location of people accused of crimes, then federal law enforcement must do the same in immigration cases. The threat of secret government detention doesn't simply vanish because federal law enforcement is addressing civil immigration cases. This is especially true at a time when the government is engaged in | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | enhanced immigration enforcement, including increased numbers of officers, more frequent immigration raids, and targeted deployment of immigration agents into American communities to detain people. In fact, the coordinated increase in federal law enforcement action related to immigration makes disclosure of who's being detained and where they are being held even more vital to the public. As in criminal cases, the public's essential right to know who its government has detained in immigration cases cannot be sacrificed at | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | the altar of personal privacy. In this case, the import of public disclosure of this basic information that I'm requesting clearly outweighs individual privacy considerations. I request that the agency reconsider its denial, grant this appeal and release this critical public information. | |

5 rows 1-1 of 1

**Exhibit 4**

**Fwd: ICE FOIA 2026-ICAP-00613**
1 message

---------- Forwarded message ---------
From: **ice-foia@ice.dhs.gov** <noreply@securerelease.us>
Date: Wed, Aug 5, 2026 at 3:37 PM
Subject: ICE FOIA 2026-ICAP-00613
To: <dmann@themarshallproject.org>

08/05/2026

Dave Mann

RE: ICE FOIA Case Number 2026-ICAP-00613

Dear Requester:

The Department of Homeland Security has received your letter appealing the adverse determination of your Freedom of Information Act/Privacy Act (FOIA/PA) request by U.S. Immigration and Customs Enforcement. Your appeal, postmarked or electronically transmitted on 7/31/2026, was received on 7/31/2026.

The Government Information Law Division acknowledges your appeal request of and is assigning it number 2026-ICAP-00613 for tracking purposes. Please reference this number in any future communications about your appeal.

A high number of FOIA/PA requests have been received by the Department. Accordingly, we have adopted the court-sanctioned practice of generally handling backlogged appeals on a first-in, first-out basis. While we will make every effort to process your appeal on a timely basis, there may be some delay in resolving this matter. Should you have any questions concerning the processing of your appeal, please contact the ICE FOIA Office/Public Liaison at ICEFOIAPublicLiaison@ice.dhs.gov or (866) 633-1182.

Sincerely,

Sara Jazayeri
Division Counsel
Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Department of Homeland Security

--
Dave Mann
Senior editor
The Marshall Project

# Exhibit 5

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536

U.S. Immigration
and Customs
Enforcement

August 28, 2026

Dave Mann
The Marshall Project

**RE: 2026-ICAP-00613, 2026-ICFO-22751**

Dear Mr. Mann:

This responds to your letter dated July 31, 2026, received July 31, 2026, appealing U.S. Immigration and Customs Enforcement's (ICE) Freedom of Information Act (FOIA) Office response to your FOIA request dated April 3, 2026. Your request sought:

> *Copies of the names, dates of birth, and current detention locations for all entries in the Enforcement Integrated Database.*

By letter dated June 23, 2026, the ICE FOIA Office advised you that, to the extent responsive records exist, they would be categorically exempt from disclosure under FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. § 552(b)(6), (b)(7)(C). In your appeal, you contend that ICE should release the requested information because the public has a substantial interest in knowing who the government is detaining and where those individuals are being held. You also argue that similar information is routinely released by state and local law enforcement agencies, and that the asserted public interest outweighs any individual privacy interests.

Upon review, ICE affirms the FOIA Office's determination.

FOIA Exemption (b)(7)(C) protects records or information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). ICE is a law enforcement agency, and the Enforcement Integrated Database contains information compiled and maintained for immigration enforcement and law enforcement purposes. The requested information therefore satisfies Exemption (b)(7)(C)'s threshold requirement. *See Am. First Legal Found. v. U.S. Dep't of Homeland Sec.*, 759 F. Supp. 3d 49, 65-66 (D.D.C. 2024) (recognizing ICE enforcement records as law enforcement records for purposes of Exemption 7).

Exemption (b)(6) protects personnel, medical, and similar files when disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" is construed broadly to include information that applies to particular individuals. *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982). The requested names, dates of birth, and current detention locations are identifying information concerning individual persons and therefore fall within Exemption (b)(6)'s scope.

The requested information implicates substantial privacy interests. Individuals have a strong privacy interest in avoiding public identification in law enforcement records, including immigration enforcement and detention records. *See U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 762-71 (1989) (recognizing substantial privacy interests in compiled law enforcement information and the privacy significance of "practical obscurity"); *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205-06 (D.C. Cir. 1991) (holding that names and addresses of private individuals in law enforcement files are generally exempt under Exemption 7(C) absent evidence of agency illegality); *New Orleans Workers' Ctr. for Racial Just. v. U.S. Immigr. & Customs Enf't*, 373 F. Supp. 3d 16, 53 (D.D.C. 2019) (stating that third-party identifying information in law enforcement records is generally exempt under Exemption 7(C)).

That privacy interest is particularly strong here. Disclosure of names from EID would identify individuals as associated with ICE enforcement records. Disclosure of full dates of birth, when combined with names and detention locations, would further identify those individuals and increase the risk of misuse, unwanted contact, harassment, stigma, or other privacy harms. Disclosure of current detention locations, when linked to names and dates of birth, would reveal each identified individual's custodial status and location in connection with ICE enforcement activity. Courts have upheld withholding of similar immigration enforcement information. *See Tuffly v. U.S. Dep't of Homeland Sec.*, 870 F.3d 1086, 1093-95 (9th Cir. 2017) (upholding withholding of names of released ICE detainees because disclosure would identify individuals as previously detained by ICE and could expose them to stigma, harassment, or discrimination); *Schiller v. INS*, 205 F. Supp. 2d 648, 661-62 (W.D. Tex. 2002) (upholding withholding of names and birth dates of noncitizens with criminal records); *Am. First Legal Found.*, 759 F. Supp. 3d at 71-72 (upholding withholding of names and full dates of birth in ICE enforcement spreadsheets).

ICE also considered the public interest asserted in your appeal. Under FOIA, the relevant public interest is the extent to which disclosure would shed light on agency operations or activities. *Reps. Comm.*, 489 U.S. at 773. A requester asserting a public interest sufficient to overcome substantial privacy interests must identify a significant public interest and show that the requested information is likely to advance that interest. *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172-75 (2004).

ICE recognizes the public interest in oversight of immigration enforcement and detention. However, the request at issue seeks bulk disclosure of names, full dates of birth, and current detention locations for all entries in EID. Disclosure would primarily reveal identifying information about private individuals and publicly associate those individuals with ICE enforcement and detention records. The request does not seek aggregate detention statistics, anonymized detention data, policy records, detention capacity information, facility utilization data, or other non-identifying information that could inform the public about ICE operations without identifying individual persons.

Furthermore, your appeal does not identify specific evidence of agency illegality, misconduct, systemic abuse, or other impropriety that would be advanced by disclosure of the requested personally identifying information. *See Favish*, 541 U.S. at 174 (requiring evidence that would warrant a belief by a reasonable person that alleged government impropriety might have occurred when misconduct is asserted as the public interest); *SafeCard*, 926 F.2d at 1205-06. Nor does the appeal show that disclosure of names, full dates of birth, and current detention locations is necessary to evaluate ICE's detention policies, detention capacity, enforcement priorities, facility usage, or other agency operations. *See Tuffly*, 870 F.3d at 1095 (finding asserted public interest only minimally advanced by identifying individual detainees).

Your comparison to state and local law enforcement disclosure practices does not alter the FOIA analysis. Those practices do not control ICE's obligations under the federal FOIA, and they do not eliminate the privacy interests protected by Exemptions (b)(6) and (b)(7)(C). *See Reps. Comm.*, 489 U.S. at 762-71.

ICE also considered FOIA's segregability requirement. FOIA requires release of any reasonably segregable, non-exempt portion of a responsive record after deletion of exempt information. 5 U.S.C. § 552(b). Here, your request seeks names, full dates of birth, and current detention locations together. As framed, the request seeks identifying information itself, not anonymized, aggregated, or otherwise de-identified data. Because the requested fields would identify individuals and publicly associate them with ICE enforcement and detention records, there is no reasonably segregable, non-exempt information responsive to the request as framed.

Accordingly, ICE finds that the substantial privacy interests implicated by the requested information outweigh the asserted public interest in disclosure. The requested information was properly withheld under FOIA Exemption (b)(7)(C). ICE also finds that the information was properly withheld under Exemption (b)(6), because disclosure would constitute a clearly unwarranted invasion of personal privacy.

This decision is the final action of ICE concerning your FOIA request. Inasmuch as you consider this to be a denial of your appeal, you may obtain judicial review pursuant to 5 U.S.C. § 552(a)(4)(B) in the United States District Court in the district in which you reside or have a principal place of business, in which the agency records are situated, or in the District of Columbia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Should you have any questions regarding this appeal decision, please contact ICE at ice-foia@ice.dhs.gov. In the subject line of the email, please include the word "appeal," your appeal number, 2026-ICAP-00613, and the FOIA case number, 2026-ICFO-22751.

Sincerely,

/s/ *Vittorio de' Medici*

*for* Sara Jazayeri
Division Counsel
Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Department of Homeland Security

cc: The ICE FOIA Office

**Exhibit 6**

SecureRelease™ Portal

Request Number: CBP-FO-2026-083562

**Details of Request**

(Read only details of request)

CREATE APPEAL CANCEL

**Request Description:** This is a request under the federal Freedom of Information Act for the following public information held by your agency: –Copies of the names, dates of birth, and current detention locations for all entries in the Enforcement Integrated Database. I request expedited processing of this request. I'm a representative of the news media and a person primarily engaged in disseminating information. I'm a journalist with The Marshall Project, a nonprofit media organization, and this information will be used solely for public information and news dissemination purposes, not commercial ones. This request relates to an urgent need to inform the public concerning actual or alleged federal government activity and disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government. The ability to

**Fee Waiver Requested? :** Pending Decision

**Reason for Fee Waiver:** I'm a representative of the news media and a person primarily engaged in disseminating information. I'm a journalist with The Marshall Project, a nonprofi media organization, and this information will be used solely for public informatior and news dissemination purposes, not commercial ones. This request relates tc an urgent need to inform th public concerning actual or alleged federal government activity and disclosure is in the public interest because is likely to contribute significantly to public understanding of the operations or activities of th government. The ability to detain and confine individuals in a free society one of the most important powers exercised by the government. It is vital that members of the public knov who their government is

detain and confine individuals in a free society is one of the most important powers exercised by the government. It is vital that members of the public know who their government is detaining and where those individuals are being held. The need for this information to be made public is especially urgent in light of the agency's increased immigration enforcement operations across the country, including Operation Metro Surge in Minnesota. The agency's recent operations have generated intense public interest and scrutiny. For those reasons, expedited release of the names, dates of birth and locations of people in the EID deals with a matter of current urgency for the American public. Please provide the information responsive to this request in an electronic, machine-readable format such as .xls or .csv. Thank you for your cooperation. Dave Mann Senior editor The Marshall Project dmann@themarshallproject.org

**Agency:** Department of Homeland Security

**Component:** U.S. Customs & Border Protection

detaining and where those individuals are being held.

**Expedited Processing?:** Pending Decision

**Reason for Expedited Processing:** I request expedited processing of this request. I'm a representative of the news media and a person primarily engaged in disseminating information. I'm a journalist with The Marshall Project, a nonprofi media organization, and this information will be used solely for public information and news dissemination purposes, not commercial ones. This request relates to an urgent need to inform the public concerning actual or alleged federal government activity and disclosure is in the public interest because is likely to contribute significantly to public understanding of the operations or activities of th government. The ability to detain and confine individuals in a free society one of the most important powers exercised by the government. It is vital that members of the public know who their government is detaining and where those individuals are being held. The need for this informatio to be made public is especially urgent in light of the agency's increased

**Processing Track:** Simple

**Request Type:** FOIA Request

**Submitted Date:** 04/03/2026

**Request Status:** Initial Determination

**Identity Verification Status:** Not Requested by Agency

immigration enforcement operations across the country, including Operation Metro Surge in Minnesota. The agency's recent operations have generated intense public interest and scrutiny. For those reasons, expedited release of the names, dates of birth and locations of people in the EI deals with a matter of current urgency for the American public.

**Files uploaded by user**

Files not exceeding 20 MB in size, can be attachec

Search

| File Name | Attachment Type |
| --- | --- |
| No attachments to display | |

5 rows 0-0 of 0

Exhibit 7

Dave Mann <dmann@themarshallproject.org>

## CBP FOIA - CBP-FO-2026-083562

1 message

**cbpfoia@cbp.dhs.gov** <noreply@securerelease.us> Sat, May 2, 2026 at 4:41 PM
Reply-To: cbpfoia@cbp.dhs.gov
To: dmann@themarshallproject.org

05/02/2026

CBP-FO-2026-083562

Dear Dave Mann:

Your FOIA request was reviewed as a third-party request and did not include authorization that information on this individual, or business, can be released to you. All third party FOIA requests must include a signed G-28 or G-639 form, or a signed statement from the individual verifying that his/her information may be released to you. Or, if requesting records pertaining to a business or company, a signed statement on company letterhead. Due to privacy concerns, CBP cannot confirm nor deny the existence of records on this individual or business.

Your FOIA request has been closed as insufficient. Please be advised that this action is not a denial of your request and will not preclude you from filing other requests in the future. Please resubmit your FOIA request, along with the required information, by logging into your existing SecureRelease account.

Please note that this message has been sent from an unmonitored e-mail account. Any messages sent to this account will not be read.

Sincerely,

U.S. Customs and Border Protection

**Exhibit 8**

SecureRelease™ Portal

Request Number: CBP-FO-2026-083562

**Details of Linked Appeal(s)**

(Read only details of appeal(s) linked to the request

Search

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| CBP-AP-2026-009417 | 07/31/2026 | Initial Determination | This letter is an appeal of CBP's response to my FOIA request (CBP-FO-2026-083562). On April 3rd, 2026, I submitted a FOIA request to CBP for "[c]opies of the names, dates of birth, and current detention locations for all entries in the Enforcement Integrated Database." The agency responded on May 2nd, 2026, informing me that it was closing the request because the agency claimed that as a third-party request, CBP required | - |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | "authorization that information on this individual, or business, can be released to you." Without this authorization, the agency wrote, "Your FOIA request has been closed as insufficient." The agency also noted the response was "not a denial of your request." As I detail further below, CBP's closure of this request constitutes a denial of access to public information. The agency's assumption that the requested material is personal or private information needing release authorization from every Individual isn't correct. The requested | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | information — the names, dates of birth and detention location in the EID — is information that's vital to the public. Local and state law enforcement routinely make such basic details public when dealing with criminal cases. The same standard applies to federal law enforcement. In fact, given the scope of federal law enforcement activity, release of such basic information about detentions is even more vital. Withholding this information from the public amounts to an argument for secret government detention, which is a hallmark of repressive, | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
| --- | --- | --- | --- | --- |
| | | | authoritarian governments. For that reason, law enforcement in the United States makes basic details about detentions available to the public. I implore CBP to reconsider my FOIA request, grant this appeal and release this vital public information. The agency denied the request The agency claims that this request was closed, not denied. That is a distinction without a difference. The agency argues that because the information is exempted from disclosure to me due to privacy reasons that my request is “insufficient.” Effectively, the agency has determined that, | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | in its view, it cannot release the request information to me due to privacy concerns. This is a denial of disclosure. It's not practical or possible for me to obtain separate authorization from every individual currently in the EID, especially since the agency is refusing to release the names of the people in the EID. Requiring me to gain approval from unidentified individuals is — for the purposes of this request — an impossible standard. The effect is to deny me access to requested information that I believe is public and vital to the public interest. The | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | agency's so-called closure is an effective or constructive denial. I'm appealing that denial. Public disclosure outweighs privacy I acknowledge the importance of privacy protections in FOIA, especially related to the large amount of personal information held by the federal government. The requested information — name, DoB and detention location in EID — doesn't meaningfully violate individual privacy. Names and ages are basic information that is widely available for the majority of people in the country. And there is little privacy | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | protection related to where an individual is currently detained. However, even if the agency believes that disclosure infringes on individual privacy, those concerns are outweighed by the public's substantial interest in disclosure of this material. The requested information is similar to the type of information that local law enforcement routinely makes public in criminal cases. In nearly all jurisdictions, the very basic details of an arrest, including a person's name and date of birth, are made public. In fact, the details that law enforcement | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
| --- | --- | --- | --- | --- |
| | | | immediately release following an arrest often include additional information — such as address, date, time and location of the alleged incident and case number — that are far more personally invasive than the information that I'm requesting. In addition, an individual's detention status and location is also routinely made public in criminal cases. Most jails in the United States now post jail rosters online. A simple internet search typically reveals the names, ages, booking dates, booking numbers and days in custody of people in county jails on | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | criminal cases. In fact, revealing that someone was arrested and detained on criminal charges holds far more risk of public embarrassment and privacy infringement than revealing their detention in an immigration case. Publicly revealing that someone is being held on charges of homicide or theft or public indecency or assault by local law enforcement carries significant risk of embarrassment and violating someone's privacy. And yet that information are presumed public and routinely released by local law enforcement. | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | The reason these embarrassing details are made public is to prevent secret government detention. Secret detention is a tool of authoritarian governments and a severe threat to democracy and individual liberty. This threat has been recognized since the country's founding. In the United States, we long ago determined that public disclosure of the basic details of criminal arrests — to avoid secret government detentions — outweighs the risks to personal privacy. The same principle holds for immigration cases. In fact, | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | the details of criminal cases are generally perceived as more serious than immigration cases. The government itself has acknowledged this reality by prioritizing deportation of people who have committed violent crimes. The public generally perceives criminal allegations — especially violent criminal activity — as more serious than civil immigration violations. If local law enforcement makes public the names, dates of birth, and current detention location of people accused of crimes, then federal law enforcement | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | must do the same in immigration cases. The threat of secret government detention doesn't simply vanish because federal law enforcement is addressing civil immigration cases. This is especially true at a time when the government is engaged in enhanced immigration enforcement, including increased numbers of officers, more frequent immigration raids, and targeted deployment of immigration agents into American communities to detain people. In fact, the coordinated increase in federal law enforcement action related to | |

| Appeal Number | Submitted Date | Request Status | Basis For Appeal | Estimated Completion Date |
|---|---|---|---|---|
| | | | immigration makes disclosure of who's being detained and where they are being held even more vital to the public. The import of public disclosure of the this basic information that I'm requesting clearly outweighs individual privacy considerations. I request that the agency reconsider its denial, grant this appeal and release this critical public information. | |

5 rows 1-1 of 1